UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | | |
|---|---|---|
| HOMELIFT OF NASHVILLE, INC. | ) | |
| | ) | |
| v. | ) | NO. 3:13-0945 |
| | ) | JUDGE CAMPBELL |
| PORTA, INC. | ) | |


MEMORANDUM

Pending before the Court is a Motion for Remand (Docket No. 7) filed by Plaintiff Homelift of Nashville, Inc. ("Homelift"). Defendant Porta, Inc. ("Porta") has filed a Response in Opposition (Docket No. 11). For the reason stated herein, the Motion for Remand (Docket No. 7) is GRANTED.

Homelift moves to remand this case to the Circuit Court for Wilson County, Tennessee on the ground the removal was untimely. Homelift asserts that because Porta's Notice of Removal was filed more than one year after the case was commenced in state court, such removal was untimely pursuant to 28 U.S.C. § 1446. The case was originally commenced on October 27, 2010 and was removed to this Court on September 13, 2013. There is no allegation that Plaintiff has acted in bad faith in order to prevent Defendant from removing this action.

Porta admits that the case was removed to this Court after the one year time limitation for removal of diversity cases. But, Porta contends that the unique circumstances of this case justify equitable tolling of the procedural requirement for removal within one year after commencement of the action. Specifically, Porta asserts that on September 14, 2012, almost two years after the case was filed, Homelift filed a third-party complaint against Porta. Porta then removed the case on September 13, 2013 based on diversity jurisdiction as the only remaining Defendant. The

case, which began as a wrongful death action, now is an indemnity action between Homelift and Porta.

The Court finds that Porta's removal of the case was untimely and outside the one year period established by 28 U.S.C. § 1446. The Court further finds that there is no basis to equitably toll the one year period under the facts of this case. The case had been pending in state court for almost three years, and Homelift's third-party claim against Porta had been pending nearly a year, before removal.

Accordingly, the Motion for Remand (Docket No. 7) is GRANTED. The Clerk is directed to remand this case to the Circuit Court for Wilson County, Tennessee.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE